IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
SHANNON DEAN BARLOW, # 183626,   *
                                 *
     Plaintiff,                  *
                                 *
vs.                              *  CIVIL ACTION NO. 20-00088-KD-B
                                 *
STEPHEN BILLY, et al.,           *
                                 *
     Defendants.                 *
```

**REPORT AND RECOMMENDATION**

Plaintiff Shannon Dean Barlow, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint pursuant to 42 U.S.C. § 1983. This action has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). Upon review, it is recommended that this action be dismissed without prejudice prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief can be granted, and in the alternative, for failure to comply with the Court's order.

**I. Proceedings and Seconded Amended Complaint (Doc. 14).**

Barlow initiated this § 1983 action by filing a complaint and motion to proceed without prepayment of fees in the United States District Court for the Northern District of Alabama ("Northern District"). (Docs. 1, 2). The Court granted Barlow's motion, and

upon screening his complaint, ordered Barlow to file an amended complaint. (Doc. 6). The order required Barlow to "state specific actions by specific individuals", who he contends acted under color of law to violate his constitutional rights. (Id. at 1). He was also ordered to state when and where the complained of events occurred, and to clearly set forth facts concerning any incident about which he was complaining. (Id. at 1-2).

Barlow filed an amended complaint on the Northern District's § 1983 complaint form, and named as Defendants Stephen Billy, District Attorney for Escambia County, Alabama; Wexford Health, the prison healthcare provider; Debra Barfield, a psychologist/mental health counselor employed by Wexford; and William C. Teague, the attorney who represented Barlow in relation to his Rule 32 petition. (Doc. 7 at 1-3, 6). In the amended complaint, Barlow complained that his medical, dental, and mental health records were released to Defendant Billy by Defendant Wexford's employees without consulting Defendant Wexford's legal records keeper. (Id. at 5). Barlow also complained that Defendant Barfield released his private and privileged information to Defendant Billy, that Defendant Billy contacted his expert witness without submitting an interrogatory to the courts, and that Defendant Teague, his Rule 32 attorney, took no action while his Sixth and Fourteenth Amendment rights were violated during the

2

hearing. (Id. at 5-6). Barlow attached to his amended complaint a copy of an amended motion to dismiss that Defendant Billy filed in Barlow's Rule 32 proceeding. (Id. at 14-17). In the motion, Billy averred that Barlow was indicted on four counts of capital murder, and that he pled guilty in 1994 to two charges of murder and one charge of first-degree burglary in exchange for his testimony against two co-defendants. (Id. at 14).

Upon review of Barlow's amended complaint, the Magistrate Judge recommended that Barlow's action be transferred to this Court for the convenience of the parties, as the underlying facts showed Defendant Billy is located in the Southern District of Alabama and that he filed Barlow's medical records in the Escambia County Circuit Court, which is also located in the Southern District of Alabama. (Doc. 8). Barlow objected to the transfer of the action and asserted that the transfer was inconvenient for him and his witnesses and that the Northern District had the most significant contacts concerning the release of his information without his consent. (Doc. 9). The District Judge overruled Barlow's objections and adopted the report recommending that the case be transferred. (Doc. 10 at 5). In the order, the District Judge informed Barlow that HIPAA does not create a private action or an enforceable right under federal law and that he therefore did not state a cause of action for violation of HIPAA (id. at 3-4); that

3

his claims against his state-court attorney are outside of the federal court's jurisdiction (id. at 5); that it appeared Barlow was seeking to litigate a Fourteenth Amendment privacy claim as pointed out by the Magistrate Judge (id. at 4); and that Defendant Billy may be entitled to prosecutorial or qualified immunity based on the allegations in Barlow's amended complaint. (Id. at 2 n.1). The District Judge then ordered that Barlow's action be transferred to this Court. (Doc. 11).

Upon receipt of Barlow's action, this Court reviewed Barlow's proceedings and screened his amended complaint. Thereupon, Barlow was ordered to file a second amended complaint on this Court's § 1983 complaint form, as required by S.D. Ala. CivLR 9(c), and to include certain additional information in his second amended complaint to assist the Court in determining whether he could state a plausible claim. (Doc. 13). It was noted that attached to Barlow's amended complaint was a copy of the amended motion to dismiss filed by Defendant Billy in Barlow's Rule 32 proceedings, wherein Billy asserted that Barlow's Rule 32 petition was successive and that his grounds could have been or were raised previously. (Id. at 4). Billy argued that Barlow's claim of newly discovered evidence, namely that an infected tooth or cyst caused him to be mentally incompetent when the criminal offenses were committed, could have been raised before. (Id.). According to

Defendant Billy, Barlow could have raised the claim on direct appeal but was instead seeking to raise it ten years after the tooth was removed in 2008. (Id.). Defendant Billy also argued that the evaluating forensic doctor determined that Barlow was competent to stand trial even after taking into account his complaints of headaches, ringing in his ears, blurred vision, and hearing voices. (Id. at 5).

In the amended motion to dismiss, Defendant Billy also referred to Barlow's dental records which reflected that Barlow had teeth #10 and #1 extracted and had a cyst and a chronic abscess, which was treated with antibiotics. (Id.). He noted that Barlow's dental records did not evince any other issues except self-reported headaches. (Id.). The amended motion indicates that ten years after the extractions, Barlow requested to be seen by ADOC's Mental Health so they could be present at his upcoming court case and bring information from ten years ago to the hearing, even though he was not being seen by Mental Health and there was no documentation in his medical file to support a claim that his dental conditions contributed to his mental health issues. (Id.).

The Court also noted that Barlow attached to his amended complaint a copy of a "Formal Complaint/Grievance to Fulfill Inmates A.P.L.R.A. Exhaustion Standards and or Requirements" form, wherein he complained about the release of his medical records to

5

Defendant Billy. (Id.). Barlow asserted that Defendant Billy had to have obtained the information included in his amended motion from Barlow's confidential prison medical records. (Id. at 5-6).

In this Court's order requiring Barlow to file a second amended complaint, Barlow was advised that he should be mindful of the rules of law that District Judge Proctor explained to him in the order transferring this action, and the Court reiterated those statements to him. (Id. at 6). The Court also ordered Barlow to include in his second amended complaint information about the proceedings that gave rise to his claims; which information from his medical, dental, and mental records was used; the results of the proceedings; and the identity and testimony of the expert witness referred to in Barlow's amended complaint. (Id. at 6-7).[1]

---

[1] Specifically, the Court required that Barlow include in his second amended complaint the following information:

> (1) Specify the type of proceeding in which the complained of dental, medical, and mental information was used, the court in which the legal proceeding was held, the date of hearing and/or the ruling(s), and the ruling that was made; (2) Specify whether an appeal was taken of the ruling(s), when the appeal was taken, the ruling on appeal, and the date of the ruling on appeal; (3) Specify whether an appeal from the appellate court ruling was taken to the Alabama Supreme Court, when the appeal was taken, the ruling on appeal by the Alabama Supreme Court, and the date of its ruling; (4) Specify whether, in each of the foregoing legal proceedings, the issue of your mental competency at the time of the criminal offenses was presented, the issue of your dental problems (or other problems) that affected your mental health at the time of the commission of the crimes

Barlow filed a second amended complaint on this Court's § 1983 prisoner complaint form. (Doc. 14). The second amended complaint contains very little information and does not include the information required by the Court's order. The persons or entities listed as Defendants are Wexford and District Attorney Stephen M. Billy. (Id. at 5). For a description of his claims, Barlow states: "@ September 2019 Wexford health provider did intentionally release my medical dental and mental health records to Stephen M. Billy violating my 14th amendment [rights] and in violation of ti[]tle 42 the public health and welfare, chapter 102 § 9501." (Id. at 4). Wexford is alleged to have released Barlow's medical, dental, and mental health records without consent or court order. (Id. at 5). To support this claim, Barlow states that "@ Sept 2019 Wexford employees released 'records' without consent. See D.A.s motion to dismiss filed Sept 2019 also grievances filed by Plaintiff." (Id.). Barlow also alleges that Defendant Billy "unlawfully publicized privile[]ged mental health and medical

---

> was presented, the issue of the State or Defendant Billy improperly obtaining your dental, medical, and mental health records was presented, and the issue of Defendant Billy communicating with your expert witness was presented; and (5) Specify the identity and occupation of your expert witness, the testimony of your expert witness, and a description of the information obtained from the expert witness by Defendant Billy.

(Doc. 13 at 6-7).

records." (Id.). To support this claim, Barlow states: "See D.As S.M. Billys Amended motion to dismiss quoting from medical records in violation of Rule 26.5. Rules of Evidence 503-504 and title 42 chapter 102." (Id.). For relief, Barlow asks "[t]hat Wexford be held liable for any punitive damages they may have incurred and to develop a more protected means of handling privile[]ged information." (Id. at 7).

**II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Barlow is proceeding *in forma pauperis*, the Court is reviewing his second amended complaint (Doc. 14) under 28 U.S.C. § 1915(e)(2)(B).[2] Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis either in

---

[2] Section 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

8

law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, or where the claim seeks to enforce a right that clearly does not exist. Id. at 327.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction, holding them to a more lenient

9

standard than those drafted by an attorney. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (citation and internal quotation marks omitted). Furthermore, a court treats as true a plaintiff's factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Iqbal, 566 U.S. at 681. In addition, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

**III. Discussion.**

**A. Defendant Wexford.**

The Court explained to Barlow in its order requiring the filing of a second amended complaint that additional information was needed to determine whether he could state a *plausible* claim. (Doc. 13 at 1). The Court also informed him that a facially plausible claim is one that "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (Id. at 2 (quoting Iqbal, 556 U.S. at 678)). Barlow's second amended complaint does not state

a plausible claim. His allegations basically allege that Defendant Wexford released three types of records, medical, dental, and mental health, and that this was done without his consent. (Id. at 4-5). This was done without his consent, which is something that he would know about. If the disclosure was done without a court order, as alleged, no reason is given why he would know that it was done without a court order. Then, Barlow refers the Court to a copy of a motion to dismiss and the grievances he previously filed (id. at 5), despite the fact that he was specifically instructed not to rely upon his prior complaints. (See Doc. 13 at 1).

In a § 1983 action, in order to state a claim against a corporate medical provider, such as Defendant Wexford, a policy or custom of the corporate medical provider must be alleged to be responsible for a deprivation of the plaintiff's constitutional or federal rights. Ort v. Pinchback, 786 F.2d 1105, 1107 (11th Cir. 1986) (per curiam) (holding that corporate medical provider was not liable for the acts of its employees because liability against a corporate medical provider only occurs when its policy or procedures causes a constitutional deprivation); James v. Bartow Cnty., Ga., 798 F. App'x 581, 586 (11th Cir. 2020) (per curiam);[3]

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

accord Buckner v. Toro, 116 F.3d 450, 452-53 (11th Cir. 1997) (per curiam) (holding § 1983's municipality law is to be applied to a corporate medical provider). Moreover, a corporate medical provider cannot be held vicariously liable under § 1983 for its employee's actions. Brennan v. Thomas, 780 F. App'x 813, 821 (11th Cir. 2019) (per curiam). Inasmuch as Barlow has not alleged that any policy or custom of Defendant Wexford resulted in the release of his medical, dental, or mental health information, he has failed to state a claim against Defendant Wexford. Thus, Defendant Wexford is due to be dismissed for the failure to state a claim upon which relief can be granted. See also United States v. Kight, 2018 U.S. Dist. LEXIS 55502, at *2-3, 2018 WL 1531728, at *1 (N.D. Ga. Mar. 28, 2018) ("Defendant gave up, to a large degree, any legitimate privacy interests in his medical records and associated documents that he may have once had" when he placed the issue of competency at the forefront of proceedings); Sanchez v. McCray, 349 F. App'x 479, 483 (11th Cir. 2009) (per curiam) (finding that § 1983 plaintiff's medical records were admissible as evidence because he made allegations placing his medical status at issue).

In addition, Barlow claims that Defendant Wexford violated Title "42 the public health and welfare, chapter 102 § 9501." (Doc. 14 at 4). The Court understands this allegation to be referring to 42 U.S.C. § 9501, the "Mental Health Bill of Rights."

12

That section, however, is not a "source of individual federal rights enforceable under § 1983." Smith v. Au Sable Valley Comm. Mental Health Servs., 431 F. Supp. 2d 743, 750 (E.D. Mich. 2006). Section 9501 "creates no substantive federal rights that may be enforced in an action under 42 U.S.C. § 1983." Croft v. Harder, 730 F. Supp. 342, 351 (D. Kan. 1989); see also Despart v. Kearney, 2006 U.S. Dist. LEXIS 70665, at *40-41, 2006 WL 2789007, at *14 (M.D. Fla. Sept. 26, 2006) ("The Mental Health Patients Bill of Rights, 42 U.S.C. § 10841, promulgated pursuant to the Mental Health Systems Act, 42 U.S.C. § 9501, *et. seq.*, does not create enforceable federal rights[,] . . . but rather offers recommendations to the states for the treatment of mentally ill persons."); accord Monahan v. Dorchester Counseling Ctr., Inc., 961 F.2d 987, 994-95 (1st Cir. 1992) (finding that 42 U.S.C. § 10841 restates the provisions of 42 U.S.C. § 9501 with their precatory language "[*i*]*t is the sense of Congress* that . . . each State *should* review and revise, *if necessary*, . . ." thereby creating no enforceable rights) (emphasis in original). Therefore, as a matter of law, a claim under 42 U.S.C. § 9501 is frivolous.

**B. Defendant Billy.**

Turning to Defendant Billy, Barlow claims that Defendant Billy unlawfully publicized his privileged mental health and

13

medical records, and he refers the Court to the amended motion to dismiss, which allegedly quoted from his medical records. (Doc. 14 at 5). Thus, the Court deduces that Barlow is concerned with the publication of his records in the amended motion to dismiss only, as no other place of publication is specified. This publication was allegedly done in violation of Alabama Rule of Criminal Procedure 26.5, Alabama Rules of Evidence 503 and 504, and "Title 42 chapter 102." (Id.). Chapter 102 is titled "Mental Health Systems" and comes under Title 42 of the United States Code, which is titled "The Public Health and Welfare." Although there are subchapters under Chapter 102, Barlow has not identified any with regard to his claim against Defendant Billy, nor has he demonstrated how a violation of the chapter occurred or how he was injured as a result. Moreover, his allegations of violations of certain "Rules," e.g., Rules 26.5, 503, and 504, appear to refer to state rules. He does not explain how these rules were violated, much less how their violation would amount to a violation of the Constitution or federal law. Cf. Smith v. State of Ga., 684 F.2d 729, 732 n.6 (11th Cir. 1982) ("[N]ot every violation of a state agency of its own rules rises to the level of a due process infringement."). Moreover, his vague and conclusory claims fail to state a claim upon which relief can be granted. See Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).

The Court also notes that while Barlow did not request any relief from Defendant Billy in the second amended complaint (see Doc. 14 at 7), prosecutorial immunity protects Defendant Billy from damages. In a § 1983 action, a prosecutor has absolute immunity for all activities that are "'intimately associated with the judicial phase of the criminal process.'" Van de Kamp v. Goldstein, 555 U.S. 335, 343 (2009) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). When a prosecutor is performing his function as an advocate for the government, a prosecutor is entitled to absolute prosecutorial immunity from damages. Buckley v. Fitzsimmons, 509 U.S. 259, 272-73 (1993). A prosecutor is protected with absolute immunity so as not to "impair the performance of a central actor in the judicial process." Malley v. Briggs, 475 U.S. 335, 343 (1986). This immunity encompasses acts or omissions intimately associated with the judicial process, and in particular those taken in initiating a prosecution and in presenting the government's case. See Imbler, 424 U.S. at 430-31; Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (per curiam); Fullman, 739 F.2d at 558-59. Absolute immunity also extends to other events in the criminal process where the prosecutor is acting as the State's advocate. See Allen v. Thompson, 815 F.2d 1433, 1434 (11th Cir. 1987) (per curiam) (a prosecutor was entitled to absolute immunity for forwarding

requested information to the Parole Commission); Ellibee v. Fox, 244 F. App'x 839, 844-45 (10th Cir. 2007) ("Absolute immunity applies to the adversarial acts of prosecutors during post-conviction proceedings, including direct appeals, habeas corpus proceedings, and parole proceedings . . . .") (citation and internal quotation marks omitted); Johnson v. Kegans, 870 F.2d 992, 997-98 (5th Cir. 1989) (a prosecutor was entitled to absolute immunity for statement to parole board); Bruce v. Wade, 537 F.2d 850, 852 (5th Cir. 1976)[4] (a prosecutor was entitled to absolute immunity for filing allegedly false affidavits in plaintiff's federal habeas proceeding); Hirsch v. Wolfinger, 2005 WL 1899357, at *2 (M.D. Fla. Aug. 9, 2005) (finding the prosecutor was entitled to absolute immunity for "s[eeking] and disclos[ing] the medical records in question in an attempt to prove that Plaintiff had violated the conditions of her bond by being intoxicated"). Accordingly, Defendant Billy would be entitled to absolute immunity from damages for disclosing Barlow's medical information in the amended motion to dismiss filed in Barlow's Rule 32 proceedings, had damages been requested from Billy in this case.

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

**C. Failure to Comply with the Court's Order.**

In addition to the foregoing reasons for dismissing this action, this action is due to be dismissed for Barlow's failure to comply with the Court's order. The Court ordered Barlow to file a second amended complaint that was in accordance with the pleading guidelines it provided him in its order and with the directives of Rule 8(a)(2) of the Federal Rules of Civil Procedure. (Doc. 13 at 1-3). Barlow did not comply with this mandate. That is, his second amended complaint on its face did not contain sufficient factual allegations to show that Defendants Wexford and Billy were liable for violating his constitutional or federal rights.[5] Thus, Barlow did not state a plausible claim against either Defendant Wexford or Defendant Billy as ordered.

"While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon, 863 F.2d at 837. Courts are accorded this authority by their inherent powers to manage the cases on their dockets and by Rule 41(b) of

---

[5] The Court is allowed to amplify a complaint's allegations by propounding questions in the nature of a motion for a more definite statement in order to "assess the factual and legal bases of the claim asserted." Watson v. Ault, 525 F.2d 886, 892 (5th Cir. 1976); cf. Pelletier v. Zweifel, 921 F.2d 1465, 1522 n.103 (11th Cir. 1991) (holding that a court should intervene at the earliest moment for clarification of unclear claims), abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639 (2008).

the Federal Rules of Civil Procedure for a plaintiff's failure "to comply with [the Federal Rules of Civil Procedure] or any order of court." Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005). District courts have these powers in order "to achieve the orderly and expeditious disposition of cases" and "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citations and internal quotation marks omitted).

Here, it appears that Barlow made no real attempt in his second amended complaint to comply with the Court's order by providing the specific information that was requested in order to determine whether he could state a plausible claim. Because Barlow's second amended complaint fails to comply with the Court's order, the Court concludes that this action is due to be dismissed on this alternate ground. See Tanner v. Neal, 232 F. App'x 924, 924-25 (11th Cir. 2007) (per curiam) (affirming the *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's directives, which also had warned that her action would be dismissed if she did not comply with its directives); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (holding a case may be dismissed pursuant

to a court's inherent authority to enforce its orders and manage its own affairs).

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted, and in the alternative, for failure to comply with the Court's order. But cf. Lampkin-Asam v. Volusia Cnty. Sch. Bd., 261 F. App'x 274, 277 (11th Cir. 2008) (per curiam) (affirming the dismissal *with prejudice* of plaintiff's second amended complaint that did not comply with Fed. R. Civ. P. 8(a)(2) after she had been given two opportunities to plead a complaint that complied with Rule 8).

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the

provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **7th** day of **August, 2020.**

                                                  **/s/ SONJA F. BIVINS**
                                 **UNITED STATES MAGISTRATE JUDGE**